[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11855
Non-Argument Calendar
_____

D.C. Docket No. 7:10-cr-00011-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMAD ATA SIHWAIL,

Defendant-Appellant.

_____

No. 12-11858
Non-Argument Calendar
_____

D.C. Docket No.  7:11-cr-00041-HL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMAD ATA SIHWAIL,
a.k.a. Amad Atta Sijwail,

a.k.a. Imad Siwail,
a.k.a. Mike Siwail,

Defendant-Appellant.

_____

No. 12-11862
Non-Argument Calendar
_____

D.C. Docket No.  7:11-cr-00042-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMAD ATA SIHWAIL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(February 7, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Imad Sihwail appeals his 230-month total sentence, imposed above the guideline range, after pleading guilty to three bank robberies, each in violation of 18 U.S.C. § 2113(a).  On appeal, Sihwail argues

that: (1) the district court procedurally erred in applying the grouping rules of U.S.S.G. § 3D1.4 to determine a combined offense level for his three counts of bank robbery, imposing 115-month within-guidelines sentences for each count, and then also ordering that one of the sentences be served consecutively to the other two sentences; and (2) the 230-month total sentence, which is double the high end of the guideline range of 92 to 115 months, is substantively unreasonable.  After careful review, we affirm.

We review factual findings for clear error, and review application of the Sentencing Guidelines to those facts de novo.  United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006).  We review the imposition of consecutive terms of imprisonment for abuse of discretion.  United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009).  We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

3

adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Id. (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011).  We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the court considered the defendant's arguments and the § 3553(a) factors is adequate. Talley, 431 F.3d at 786.

When reviewing a sentence outside the guidelines range, we may take into account the degree of variance from the guidelines range, but extraordinary circumstances are not required to justify a sentence outside the guidelines range. Gall, 552 U.S. at 47. However, the district court should explain why the variance is appropriate in a particular case and the "justification for the variance must be sufficiently compelling to support the degree of the variance." Irey, 612 F.3d at 1186-87 (quotation omitted). We "may not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 1187 (quotation omitted).

First, we find no merit to Sihwail's claim that the district court procedurally erred in imposing his sentence. The Sentencing Guidelines set forth a procedure for determining the offense level when a defendant is charged with multiple counts in the grouping rules of Chapter 3. U.S.S.G. Ch.3, Pt.D, intro. comment. As described in U.S.S.G. § 3D1.1, when a defendant has been convicted of more than

one count, the court: (1) groups the counts into "Groups of Closely Related Counts ('Groups')" by applying § 3D1.2; (2) determines the offense level applicable to each Group by applying § 3D1.3; and (3) applies § 3D1.4 to determine the combined offense level applicable to all Groups.  U.S.S.G. § 3D1.1(a).  Section 3D1.2 provides that, for the purpose of determining the applicable sentence of a defendant convicted of more than one count, "[a]ll counts involving substantially the same harm shall be grouped together into a single Group."  U.S.S.G. § 3D1.2.  Section 3D1.4 provides a procedure for determining the combined offense level by (1) counting the Group with the highest offense level as one Unit, (2) either disregarding, counting as one Unit, or counting as a one half Unit all the other Groups, depending on how their offense levels compare to the Group with the highest offense level; and then (3) increasing the highest offense level a designated amount based on the total number of units.  U.S.S.G. § 3D1.4(a)-(b).

> The Sentencing Reform Act provides that:
>
> If multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).  Under § 3584(b), a district court may impose a consecutive sentence "provided that it first considers the § 3553(a) factors."  Covington, 565

6

F.3d at 1346-47; see 18 U.S.C. § 3584(b).  Once the court has considered the § 3553(a) factors, "the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable," and the defendant bears the burden of showing that his sentence is unreasonable.  Covington, 565 F.3d at 1347.

In this case, Sihwail has not demonstrated that the district court erred in applying the grouping rules to his convictions, or that it abused its discretion in ordering that one of the terms of imprisonment be served consecutively.  For starters, Sihwail does not argue that the court erred in its grouping calculations under § 3D1.4.  Rather, he argues that the court could not apply the grouping rules and also order that a sentence be served consecutively.  However, he points to no statute or Guidelines provision, nor any case law to support this assertion.

As the record shows, the court properly calculated the combined offense level applicable to all the groups, each consisting of one of the bank robberies for which Sihwail was convicted.  See U.S.S.G. §§ 3D1.1, 3D1.4.  Once the court made those calculations, it had the discretion to order that the sentences imposed run concurrently or consecutively.  See 18 U.S.C. § 3584(a).  The record reflects that the court expressly said that it had considered the § 3553(a) factors, as required by § 3584(b) prior to imposing a consecutive sentence.  18 U.S.C. § 3584(b).  Thus, as long as the sentence imposed was reasonable, as discussed

7

below, Sihwail cannot show that the court abused its discretion.  See Covington, 565 F.3d at 1347.

Indeed, we are also unpersuaded that Sihwail's sentence is unreasonable. First, as we've noted, the district court expressly said that it had considered and weighed the § 3553(a) sentencing factors.  The record shows that the court considered the nature and circumstances of the offense, as well as Sihwail's history and characteristics, which included a total of five armed bank robberies among other prior theft and burglary convictions.  Further, the district court expressly considered Sihwail's "pattern" of robbery offenses, determined that a "long term of incarceration" was necessary to address his conduct and protect the public, and determined that the guideline range was "insufficient" to meet these goals.

Thus, although the court considered and adopted the guidelines range as advisory, the record reflects that the court sufficiently explained why the variance was appropriate -- specifically, the court expressed concerns for Sihwail's criminal history and his recidivism for committing armed bank robberies.  Based on this record, Sihwail has failed to show that a sentence above the guidelines range but below the statutory maximum sentence of 20 years was an unreasonable response by the court to Sihwail's history.  See 18 U.S.C. § 2113(a) (providing a maximum punishment of 20 years' incarceration for a defendant convicted of bank robbery

8

under § 2113(a)). Accordingly, we affirm Sihwail's 230-month sentence as substantively unreasonable.

**AFFIRMED**.

MARTIN, Circuit Judge, concurs in the result.