[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11357
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cr-00057-HL-TQL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE DOUGHERTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 1, 2015)

Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lee Grace Dougherty appeals the procedural and substantive reasonableness of her above-guidelines total sentence of 360 months. The sentence was imposed after Dougherty pleaded guilty to armed bank robbery and to discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 2113(a), (b) and 18 U.S.C. § 924(c)(1)(A)(iii).[1] Dougherty's sentence varied 183 months above the top end of the advisory guidelines range of 166 to 177 months. No reversible error has been shown; we affirm.

Briefly stated, Dougherty and her two brothers, by a show of force, robbed a bank in Georgia.[2] Each sibling carried a gun during the robbery (including an AK-47); upon entering the bank, Dougherty and one brother each actually fired a shot into the ceiling. Several days after the robbery, the siblings were located in Colorado, where they engaged in a high-speed car chase. During the chase, multiple shots were fired at pursuing officers.

We review Dougherty's final sentence for procedural and substantive reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence may be procedurally unsound if the district court calculates

---

[1] In a published decision, we previously vacated Dougherty's 428-month sentence and remanded for the district court to resentence Dougherty without application of a sentencing enhancement under U.S.S.G. § 3A1.2. See United States v. Dougherty, 754 F.3d 1353, 1359 (11th Cir. 2014).

[2] The complete factual history of this case is set forth in our initial opinion.

incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. Id.

After determining a sentence is procedurally sound, we evaluate the substantive reasonableness of a sentence -- whether one inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question." Gonzalez, 550 F.3d at 1324.

When a sentence is above the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). "We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted). "[T]hat we might

reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." Id. (quotation omitted).

Dougherty bears the burden of establishing that her sentence is unreasonable in the light of both the record and the section 3553(a) factors. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Dougherty first contends that the district court applied incorrectly a two-level enhancement for reckless endangerment, pursuant to U.S.S.G. § 3C1.2. We rejected this argument in our initial decision in this case, concluding expressly that application of the reckless-endangerment enhancement to Dougherty's sentence was proper. See Dougherty, 754 F.3d at 1360. Under the law-of-the-case doctrine, we are bound by the findings of fact and by the conclusions of law made in an earlier appeal in the same case. United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996). Because none of the doctrine's three exceptions apply in this instance, our initial decision on this issue is binding; and we are precluded from reviewing Dougherty's argument in this appeal. See id.

Dougherty has failed to demonstrate that her sentence is procedurally unreasonable. The district court calculated properly the guidelines range and treated the guidelines as advisory. In determining Dougherty's sentence, the district court said expressly that it had considered the section 3553(a) factors. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (a district court's

4

acknowledgment that it considered the section 3553(a) factors suffices to demonstrate that it did so).  The district court also explained that an above-guidelines sentence was necessary -- particularly in the light of the nature and circumstances of Dougherty's offenses, Dougherty's history and characteristics, the need to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, to afford deterrence, and to protect the public.  That the district court did not discuss individually each section 3553(a) factor does not render the sentence unreasonable.  See id. (the district court is not required to discuss each of the section 3553(a) factors on the record).

In explaining why an upward variance was warranted in this case, the district court also noted that it had considered the death threats made to bank customers and employees, the number and kinds of guns used during the robbery, the number of shots fired during the robbery, and the substantial risk to the officers and to the public resulting from Dougherty's attempt to flee police in Colorado.

On this record, we cannot say that the district court failed to explain sufficiently its reasons for sentencing Dougherty above the advisory guidelines range.  Nor can we say that the district court relied on clearly erroneous facts. Instead, the district court relied upon unobjected-to facts contained in the Presentence Investigation Report ("PSI").  See United States v. Wade, 458 F.3d

1273, 1277 (11th Cir. 2006) ("failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").

Dougherty has also failed to demonstrate that her above-guidelines sentence substantively was unreasonable.  Dougherty's total sentence is below the total statutory maximum sentence of life imprisonment.  See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum).  And Dougherty's sentences for each count -- 240 months for armed robbery and 120 months for the firearm offense -- are also well below the respective statutory maximums for each offense.  See 18 U.S.C. § 2113(d) (providing a 25-year maximum sentence); 18 U.S.C. § 924(c)(1)(A)(iii) (maximum sentence of life imprisonment).

Although Dougherty was sentenced substantially above her advisory guidelines range, we have affirmed as reasonable upward variances of a similar degree.  See, e.g., United States v. Overstreet, 713 F.3d 627, 631, 639 (11th Cir. 2013) (affirming a 420-month sentence where the advisory guidelines range was 180 to 188 months); United States v. Brown, 772 F.3d 1262, 1267 (11th Cir. 2014) (affirming a 240-month sentence where the advisory guidelines range was 78 to 97 months).

Dougherty argues that the district court failed to weigh properly the section 3553(a) factors and failed to consider adequately the mitigating factors. But "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." Amedeo, 487 F.3d at 832 (quotations and alterations omitted). That the district court afforded more weight to some factors, such as the serious nature of Dougherty's offenses and the need to afford adequate deterrence and to provide just punishment than it did to other mitigating factors does not make Dougherty's sentence unreasonable.

We reject Dougherty's argument that a variance was unnecessary because her offense conduct was already accounted for in her guidelines range. In imposing a variance under section 3553(a), the court can permissibly consider conduct that already has been considered in calculating the guidelines range. See Williams, 526 F.3d at 1324. We also reject Dougherty's contention that the upward variance amounts to double counting: the district court applied a variance based on the section 3553(a) factors, not a departure under the guidelines. See United States v. Webb, 665 F.3d 1380, 1382 (11th Cir. 2012) ("Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.").

7

Dougherty contends that her sentence creates an unwarranted disparity between similarly-situated defendants.  Dougherty has identified no case, however, involving a truly similarly-situated defendant: one who committed armed robbery, discharged a gun during a crime of violence, and engaged in a high-speed chase with weapon use.  Moreover, Dougherty fails to take into consideration the sentences of her similarly-situated codefendants, who were sentenced to 428 and to 360 months for the same offense conduct.  See, e.g., Dougherty, 754 F.3d at 1363-64 (affirming as substantively reasonable Dougherty's codefendant's 428-month sentence).

On this record, we cannot say that Dougherty's above-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors."  See Shaw, 560 F.3d at 1238.  Dougherty has failed to meet her burden of showing that her sentence is unreasonable, either procedurally or substantively.

AFFIRMED.