**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dylan STANLEY, Defendant–Appellant.**

No. 15–11396
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Michelle Lee Schieber, Robert David McCullers, Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Macon, GA, for Plaintiff–Appellee.

Martin J. Vogelbaum, Christina Lee Hunt, Federal Public Defender's Office, Macon, GA, Demetria Nicole Williams, Federal Defender's Office, Albany, GA, for Defendant–Appellant.

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Dylan Stanley appeals his total sentence of 360 months' imprisonment imposed after he pled guilty to armed bank robbery and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 924(c)(1)(A)(iii). This is the second time we have had occasion to review Defendant's sentence. In the first appeal, we vacated Defendant's original sentence of 428 months' imprisonment after concluding that the district court erred by enhancing his sentence under U.S.S.G. § 3A1.2. On remand, the district court sentenced Defendant to 360 months' imprisonment, which reflects a 183–month upward variance from the top of Defendant's advisory guideline range of 166 to 177 months' imprisonment. Defendant now challenges the procedural and substantive reasonableness of that sentence. After careful review, we affirm.

## I. BACKGROUND

In August 2011, Defendant and his two siblings, Lee and Ryan Dougherty, "embarked on a violent, eight-day, multi-state crime spree" that spanned from Florida to Colorado. *United States v. Dougherty*, 754 F.3d 1353, 1356 (11th Cir.2014) (*"Dougherty I"*). Shortly after Defendant and his siblings loaded up a car with ammunition and firearms, a Florida police officer initiated a traffic stop of their vehicle. *Id.* Defendant shot at the officer with a pistol and an assault rifle, which disabled the police car and enabled Defendant and his siblings to flee the scene. *Id.*

Defendant and his siblings then robbed the CetrusBank in Valdosta, Georgia. *Id.* Having disguised their faces with masks and sunglasses, each of them carried a firearm, one of which was an AK–47 type rifle. *Id.* During the robbery, Defendant and his sister each fired a shot into the ceiling "[f]or no reason other than to terrorize the victims." *Id.*

Approximately one week later, Defendant and his siblings were spotted in Colorado. *Id.* at 1356–57. After they fled, a high-speed chase ensued with Defendant's brother at the wheel while Defendant fired multiple shots at pursuing officers. *Id.* at 1357. The chase ended only when their vehicle crashed. *Id.* Defendant was then arrested, and officers recovered cash, ammunition, numerous firearms, and loaded magazines from the automobile. *Id.*

A federal grand jury subsequently issued an indictment against Defendant, charging him with armed bank robbery, in

violation of 18 U.S.C. § 2113(a), (d), and discharging a firearm during and in relation to a crime of violence, in violation 18 U.S.C. § 924(c)(1)(A). Defendant later pleaded guilty to both counts pursuant to a plea agreement.

After Defendant pled guilty, the district court initially imposed a total sentence of 428 months' imprisonment. In determining Defendant's guideline range, the district court included a six-level enhancement under U.S.S.G. § 3A1.2(c)(1), for assaulting a law enforcement officer and creating a substantial risk of death or serious bodily harm during immediate flight. The district court also applied a two-level enhancement pursuant to U.S.S.G. § 3C1.2, for obstruction of justice by creating a substantial risk to another person in the course of fleeing from law enforcement.

Defendant appealed, and we determined that the district court properly applied the two-level enhancement under § 3C1.2, stating that Defendant "personally engaged in conduct that recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" by firing shots at the officers during the high-speed chase. *Id.* at 1359–60. However, we concluded that the district court erred by applying the six-level enhancement under § 3A1.2(c)(1). *Id.* at 1359. As a result, we vacated Defendant's sentence and remanded to the district court for resentencing. *Id.* at 1364.

At the resentencing hearing, Defendant once again objected to the two-level enhancement under § 3C1.2 on the basis that the presentence investigation report ("PSR") incorrectly stated that he participated in his brother's reckless driving during the high-speed chase. Defendant also objected to the factual statement in the PSR, which stated that he threatened the bank employees. After overruling both objections, the district court calculated a guideline range of 46 to 57 months' imprisonment for Count One based on a total offense level of 23 and a criminal history category of I.[1] The guideline range for Count Two was a consecutive, 120 months' imprisonment. Thus, the resulting guideline range was 166 to 177 months' imprisonment. Ultimately, the district court sentenced Defendant to a total of 360 months' imprisonment: 240 months as to Count One and 120 months as to Count Two, to be served consecutively.

## II. DISCUSSION

### A. General Principles

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 764, 190 L.Ed.2d 636 (2014). We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[2] select-

---

1. With respect to Count One, the PSR had calculated a guideline range of 57 to 71 months' imprisonment based on a total offense level of 23 and a criminal history category of III. Defendant was initially assigned a criminal history category of III due to four criminal history points—three of which stemmed from a 2011 first-degree felony assault conviction in Colorado. Defendant ob-

jected, and argued that he should not receive any points for that conviction because it was relevant conduct to the present criminal offense. The district court sustained the objection, which resulted in a criminal history category of I.

2. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

ing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh,* 515 F.3d 1179, 1189 (11th Cir.2008).

## B. Procedural Reasonableness

Defendant argues that his above-guidelines sentence is procedurally unreasonable for several reasons.[3] In particular, he asserts that the district court based the sentence on clearly erroneous facts, did not adequately explain the chosen sentence, and did not meaningfully consider the 18 U.S.C. § 3553(a) factors.

### 1. The district court did not rely on clearly erroneous facts

Defendant argues that the district court procedurally erred by imposing an upward variance based on clearly erroneous facts. Arguing that the Government did not provide any evidence establishing that Defendant threatened the bank occupants or Defendant participated in his brother's reckless driving during the high-speed chase, Defendant challenges the district court's reliance on those facts in imposing sentence.

Before the district court, Defendant took issue with two factual statements in the PSR: (1) when Defendant and his siblings entered the bank, "they shouted threats to bank employees and told them to get on the floor or they would be killed" and (2) during the high-speed chase, "[t]hey drove erratically." Defendant denied that he personally made any threats to the bank employees and also denied that he participated in his brother's reckless driving during the chase. The district court overruled both objections.

We review factual findings made by the district court for clear error. *United States v. Williams,* 340 F.3d 1231, 1234–35 (11th Cir.2003). The district court's factual findings are clearly erroneous when, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Philidor,* 717 F.3d 883, 885 (11th Cir.2013).

■ After reviewing the record, we are not persuaded that the district court relied on clearly erroneous facts. In imposing Defendant's sentence, the district court did not rely on the fact that Defendant *personally* made threats to the bank occupants,

(2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

**3.** Defendant attempts to adopt an argument from the brief of his codefendant filed in a separate appeal, which challenged the district court's imposition of a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. To the extent we consider Defendant to have properly adopted this argument, it is without merit. Because we specifically decided that the record supported the § 3C1.2 enhancement in our previous decision, *Dougherty I,* 754 F.3d at 1359–60, the law-of-the-case doctrine precludes our review of this issue for a second time in the present appeal, *United States v. Jordan,* 429 F.3d 1032, 1035 (11th Cir.2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.").

but instead relied on "the threats of death made to the bank occupants." In fact, Defendant has admitted the accuracy of this latter fact. At his plea colloquy, he admitted that after he and his siblings entered the bank, "threats were shouted at the employees who were in the bank and they were ordered to get down," although Defendant denied that he personally made any threats. He further admitted that he and his sister "also brandished the weapons, threatening the bank employees, throughout the time that they were in the bank." Moreover, the undisputed facts in the PSR showed that Defendant and his siblings disguised their faces as they entered the bank, all three were armed with firearms, including an AK–47 type rifle, and Defendant and his sister each fired one shot into the ceiling. Given these facts that Defendant admitted during the plea colloquy and the undisputed facts of the PSR, we are not left with a definite and firm conviction that the district court erred by basing Defendant's sentence on the threats of death made during the bank robbery.[4] *See United States v. Martinez,* 584 F.3d 1022, 1027 (11th Cir.2009) ("A fact admitted to during a guilty plea cannot later be contested when it appears in the Defendant's [PSR]."); *United States v. Wade,* 458 F.3d 1273, 1277 (11th Cir.2006) (stating that the failure to object to factual statements in the PSR admits them for sentencing purposes).

We turn next to Defendant's contention that the district court committed procedural error by basing Defendant's sentence on his responsibility for his brother's reckless driving during the high-speed chase. The district court, however, did not base Defendant's sentence on his responsibility for his brother's reckless driving, but instead based the sentence on "the extent of substantial risks to others while fleeing from law enforcement officers in Colorado." The undisputed portions of the PSR stated that, "[d]uring the chase, [Defendant and his siblings] fired multiple shots at the pursuing officers." Because the firing of multiple shots at pursuing officers during a high-speed chase could create a substantial risk to others, we cannot say that the district court relied on clearly erroneous facts in fashioning Defendant's sentence.

In the alternative, Defendant also asserts that even if these facts are not clearly erroneous, the district court failed to comply with the procedures for resolving factual disputes under Federal Rule of Criminal Procedure 32(i)(3)(B) and (C). Federal Rule of Criminal Procedure 32(i)(3)(B) provides that the district court "must—for any disputed portion of the presentence [investigation] report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R.Crim.P. 32(i)(3)(B). The district court is also required to "append a copy of the court's determinations under this rule to any copy of the presentence [investigation] report made available to the Bureau of Prisons." *Id.* 32(i)(3)(C). "A defendant triggers [Rule 32(i)(3)(B) ] only by challenging statements of fact that are in the presentence report." *United States v. Owen,* 858 F.2d 1514, 1517 (11th Cir.1988) (discussing Rule 32(c)(3)(D), the predecessor to Rule 32(i)(3)(B)).

Once the defendant challenges one of the factual statements of the PSR, the

---

4. It is also worth noting that Defendant's original PSR included the same exact statement—that as Defendant and his siblings entered the bank, "they shouted threats to bank employees and told them … they would be killed"—but Defendant did not object to this factual statement at his original sentencing hearing or in his first appeal.

burden is on the Government to establish the disputed fact by a preponderance of evidence. *United States v. Butler,* 41 F.3d 1435, 1444 (11th Cir.1995). "The trial court must then either (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant." *Id.*

Here, the district court overruled Defendant's objections with respect to his contentions that he did not personally threaten the bank occupants and that he did not participate in his brother's reckless driving. In doing so, the district court did not consider any evidence from the Government or explicitly state that the disputed facts would not be taken into account at sentencing. *See id.* Although this constituted a procedural error, a procedural error in sentencing is "harmless if the district court would have imposed the same sentence without the error." *United States v. Barner,* 572 F.3d 1239, 1248 (11th Cir.2009). Again, we note that in sentencing Defendant, the district court did not rely on threats Defendant personally made during the bank robbery, or Defendant's participation in his brother's reckless driving during the high-speed chase. *See supra.* Instead, the district court based its sentence on the threats of death made to the bank occupants and the substantial risk to others caused by the high-speed chase, both of which were factual findings that were supported by Defendant's admissions during the plea colloquy or undisputed factual statements in the PSR. Accordingly, we conclude that any procedural error was harmless.

### 2. *The district court fully explained Defendant's sentence and considered the 18 U.S.C. § 3553(a) factors*

Defendant next asserts that the district court did not fully explain its reasons for imposing a 360–month sentence—which was 183 months above the top of the guideline range—or provide sufficient justification for imposing the significant upward variance. He also contends that the district court did not meaningfully consider the § 3553(a) factors.

We review *de novo* whether a district court complied with 18 U.S.C. § 3553(c)(1) by explaining its reasons for imposing a given sentence, regardless of whether the defendant objected before the district court. *United States v. Bonilla,* 463 F.3d 1176, 1181 (11th Cir.2006). While the district court does not need to provide a lengthy explanation when it imposes a sentence within the guideline range, the district court will explain why it has imposed a sentence outside of the guideline range. *See United States v. Livesay,* 525 F.3d 1081, 1090 (11th Cir.2008). Moreover, "[w]hen a sentence is outside of the Guidelines, the degree of the variance must be supported by a 'sufficiently compelling' justification, and the district court must explain its reasoning for the sentence in order to permit meaningful appellate review." *United States v. Kapordelis,* 569 F.3d 1291, 1317 (11th Cir.2009).

Here, the district court explained its reasons for imposing a 360–month sentence. In imposing the upward variance, the district court stated that it considered "the threats of death made to the bank occupants, the number of firearms used during the robbery, the types of firearms used during the robbery to include semiautomatic firearms containing large capacity magazines, the number of shots fired in the bank during the robbery, and the extent of the substantial risks to others while fleeing from law enforcement officers in Colorado." The district court also explained that four specific § 3553(a) factors warranted a sentence outside of the advi-

sory guideline range: (1) the nature and circumstances of the offense and the history and characteristics of Defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime; (3) the need to afford adequate deterrence; and (4) the need to protect the public from further crimes of Defendant. Thus, we cannot say that the district court failed to sufficiently explain its reasons for imposing an upward variance. *See id.*

We are also not persuaded by Defendant's argument that the district court failed to meaningfully consider the § 3553(a) factors. The district court not only stated that it had considered the § 3553(a) factors, but it also specifically referred to several of the factors. *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir.2009) (explaining that the district court need not discuss each of the § 3553(a) factors, as its acknowledgement on the record that it considered the factors is enough). The fact that the district court did not explicitly refer to each factor does not render Defendant's sentence unreasonable. *Id.* In sum, Defendant has not shown that the district court imposed a procedurally unreasonable sentence.

## C. Substantive Reasonableness

■ Finally, Defendant argues that his total 360–month sentence (240 months for Count One and 120 months for Count Two) is substantively unreasonable. We disagree. Defendant's guideline range was 166 to 177 months' imprisonment. By imposing a 360–month sentence, the district court varied upward by a total of 183 months. Although the upward variance was significant, the sentence for Count One was still five years less than the 25–year statutory maximum, and the sentence for Count Two was well below the statuto-

ry maximum of life imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.2008) (indicating that a sentence well below the statutory maximum is indicative of reasonableness).

Moreover, the district court supported the 183–month upward variance with several of the § 3553(a) factors. Of note, the circumstances of the offense involved shooting at a police officer in Florida, robbing a bank with pistols and an AK–47 type rifle, firing shots inside of an occupied bank, fleeing across state lines, and shooting at police during a high-speed chase. *See* 18 U.S.C. § 3553(a)(1). Indeed, it is fortunate that no one was killed as a result of Defendant's conduct. The court also noted that the upward variance was also necessary to promote respect for the law, the need to afford adequate deterrence, and the need to protect the public from future crimes of Defendant. *See id.* § 3553(a)(2).

Defendant's argument that his upward variance amounts to impermissible double counting is unavailing. The district court did not enhance Defendant's sentence based on the Sentencing Guidelines, but instead imposed an upward variance pursuant to the § 3553(a) factors. *United States v. Matos–Rodriguez*, 188 F.3d 1300, 1309 (11th Cir.1999) ("Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." (quotations omitted)).

We also reject Defendant's argument that his 360–month sentence creates unwarranted sentencing disparities between similarly-situated defendants. Although Defendant relies on several cases to sup-

port this claim,[5] he does not identify any case that involved similar offense conduct: armed robbery; shots fired during the robbery; a high-speed chase where defendants fired at officers; and the post-arrest recovery of numerous weapons and ammunition, including pistols, AK–47 type rifles, and loaded magazines. Notably, we affirmed the 428–month and 360–month sentences of Defendant's similarly-situated co-defendants—his brother and sister. *See United States v. Dougherty,* 632 Fed.Appx. 993, 994, 996–97 (11th Cir.2015) (affirming Defendant's sister's 360–month sentence); *Dougherty I,* 754 F.3d at 1363–64 (affirming Defendant's brother's 428–month sentence).

In short, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir.2010) (quotation omitted). Accordingly, Defendant has not shown that the district court abused its discretion by imposing a 360–month sentence.

## III.  CONCLUSION

For the reasons stated above, Defendant's sentence is **AFFIRMED.**

MARTIN, Circuit Judge, concurring:

I agree with the majority that under the binding precedent of this Court, when the

District Court sentenced Mr. Stanley to thirty years in prison, even though it was 183 months longer than the top of Mr. Stanley's properly calculated guideline range of 166 to 177 months, it did not impose a substantively unreasonable sentence. Neither, under this Court's precedent, was there procedural error sufficient to constitute a basis for reversing Mr. Stanley's sentence.

However, I write separately to emphasize the importance of abiding by the Supreme Court's directive to "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance" in upward-departure cases like this. *Gall v. United States,* 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). As the Supreme Court cautioned us, "a major departure should be supported by a more significant justification than a minor one," and it is the duty of our Court and the District Court to carefully ensure that a strong justification has been provided when a departure as large as this one has occurred. *Id.*

I concur in the judgment of the majority.

---

**5.** In support of his argument that his sentence creates unwarranted sentencing disparities, Defendant cites to three of our decisions: two published and one unpublished. *See United States v. Early,* 686 F.3d 1219, 1221–23 (11th Cir.2012) (affirming defendant's 210–month sentence for bank robbery, which was the result of a 113–month variance from the top of the guideline range); *United States v. Omar,* 16 F.3d 1168, 1170–72 (11th Cir.1994) (vacating defendant's 165–month sentence for bank robbery, which was the result of a three-level upward departure in the base offense level); *United States v. Sihwail,* 506 Fed.Appx. 955, 956–59 (11th Cir.2013) (unpublished) (affirming defendant's 230–month sentence for three bank robberies, which was the result of a 115–month variance from the top of the guideline range).