[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14743

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00003-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD WEBB,
a.k.a. "Tree Top",

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 5, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Reginald Webb was convicted of being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g), and sentenced to 80 months' imprisonment. He now appeals, challenging the manner in which the district court, in fashioning his sentence, calculated his advisory guidelines range. Specifically, Webb asks us to determine whether the enhancement he received for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), which the court applied based on the cross-reference provision in the guideline applicable to firearm offenses, constituted impermissible double counting. Because we conclude that it does not, we affirm.

In August 2008, Webb agreed to buy half a kilogram of cocaine for $13,000 from a confidential informant. Webb arranged to meet the informant to complete the transaction but was stopped by the police en route. A search of Webb's pickup truck revealed $13,000 and a loaded 9mm semiautomatic handgun.

Webb was indicted for one count of attempted possession with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. § 846; two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g);[1] and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). He pleaded guilty to one of the § 922(g) counts; the remaining counts were dismissed upon the government's motion.

The district court calculated Webb's guidelines range under U.S.S.G.

---

[1] One count related to Webb's possession of a firearm in January 2008.

§ 2K2.1 (2009), the guideline applicable to firearm offenses. There was a 4-level enhancement because Webb possessed the firearm in connection with a drug offense, leading to an adjusted offense level of 18. The court then looked to the cross-reference provision in § 2K2.1(c)(1)(A), which instructed that if the defendant possessed the firearm in the attempted commission of another offense, the court was to calculate the offense level under § 2X1.1 and apply the greater of the two resulting offense levels. Section 2X1.1(c), in turn, instructed the court to apply the guideline for the substantive offense, in this case U.S.S.G. § 2D1.1.[2]

Given the amount of drugs involved, the base offense level for the substantive offense was 26. U.S.S.G. § 2D1.1(c)(7). There was a two-level enhancement under § 2D1.1(b)(1) based on Webb's possession of a firearm during the drug offense, resulting in an adjusted offense level of 28. Because the offense level under § 2D1.1 was greater than that calculated under § 2K2.1, Webb's advisory guideline range was based on the § 2D1.1 calculations. With a reduction for acceptance of responsibility, Webb's guideline range was 70 to 87 months' imprisonment.

Webb objected to the application of the firearm enhancement under

---

[2]  The fact that Webb was not convicted of the drug offense is irrelevant. *See* U.S.S.G. § 2K2.1, comment. (n.14(C)) (explaining that "another offense" under § 2K2.1(c)(1) means any offense "regardless of whether a criminal charge was brought, or a conviction obtained").

§ 2D1.1(b)(1) on the ground that it constituted impermissible double counting.[3]

The district court overruled the objection and sentenced Webb to 80 months' imprisonment. This is Webb's appeal.

We review *de novo* a claim of double counting under the guidelines. *United States v. Lebovitz*, 401 F.3d 1263, 1270 (11th Cir. 2005). Our interpretation of the sentencing guidelines and its accompanying commentary is governed by traditional rules of statutory construction. *See United States v. Perez*, 366 F.3d 1178, 1182 (11th Cir. 2004).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (quotation marks omitted). "Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* at 1227 (quotation marks omitted). "'Absent a specific direction

---

[3] On appeal, Webb also challenges the failure to apply the attempt reduction under § 2X1.1(b)(1). Because § 2D1.1 expressly covers attempt offenses, Webb was not entitled to the reduction. U.S.S.G. §§ 2D1.1, 2X1.1(c)(1). We therefore affirm the district court's denial of the reduction without further discussion.

4

to the contrary, we presume that the Sentencing Commission intended to apply separate sections cumulatively,' and, as a result, a defendant asserting a double counting claim has a tough task." *United States v. Kapordelis*, 569 F.3d 1291, 1315 (11th Cir. 2009) (citations omitted).

In this case, we conclude that the application of § 2D1.1(b)(1) does not result in double counting at all. We begin with the plain language of the guidelines, which demonstrates that the Sentencing Commission intended for the enhancement to apply. If a defendant attempts to commit a crime while in possession of a firearm, § 2K2.1's cross-reference provision directs the court to apply the higher of the adjusted offense level as calculated under § 2K2.1 and § 2X1.1. U.S.S.G. § 2K2.1(c)(1)(A). Section 2X1.1, which deals with attempt crimes in general, instructs courts to apply the guideline applicable to the substantive offense when the guideline for the substantive offense expressly covers attempt crimes. U.S.S.G. § 2X1.1(c). Section 2D1.1, the guideline applicable to drug crimes such as Webb's, specifically covers attempt. *See* U.S.S.G. §§ 2D1.1, 2X1.1, comment. (n.1) (listing guideline sections that expressly cover attempts). Under § 2D1.1, the base offense level is determined by the amount of drugs involved and is enhanced by two levels "if a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1), (c).

5

Therefore, because Webb possessed a firearm while attempting to engage in a drug purchase, the cross-reference provisions directed the court to apply § 2D1.1 to determine Webb's base offense level.

Importantly, the guidelines instruct the court to apply § 2D1.1 in its entirety, which included any enhancements. As the guidelines explain, "[a] cross reference . . . refers to the entire offense guideline (i.e., the base offense level, specific offense characteristics, cross references, and special instructions)." U.S.S.G. § 1B1.5(a). In fact, as an example, the guidelines state: "if a defendant convicted of possession of a firearm by a felon, to which § 2K2.1 applies, is found to have possessed that firearm during commission of a series of offenses, the cross reference at § 2K2.1(c) is applied to the offense resulting in the greatest offense level." U.S.S.G. § 1B1.5, comment. (n.3). Thus, the Sentencing Commission intended that a defendant would be subject to a firearm enhancement under the facts before us here.

The commentary to § 2K2.1 confirms this application of the firearm enhancement; the Commission recognized that a firearm could potentially enable other offenses, such as drug crimes, and the cross-reference provision enabled courts to take this into account. *See* U.S.S.G. § 2K2.1, comment. (n.14(A), (C)). Additionally, the guidelines specifically instruct courts to take into consideration

all relevant conduct when calculating the guideline range. U.S.S.G. § 1B1.3; *see also United States v. Williams*, 431 F.3d 767, 772–73 (11th Cir. 2005) (explaining that "cross-referenced conduct must fall under the definitions of relevant conduct found in § 1B1.3"). Here, Webb possessed a firearm while attempting to buy half a kilogram of cocaine. We cannot say that the firearm possession was irrelevant to the drug sale. *See United States v. Poole*, 878 F.2d 1389, 1393–94 (11th Cir. 1989) (discussing the connection between guns and drugs).

The Commission's intent is further demonstrated by other guideline sections in which the Commission chose to include language preventing double counting. *United States v. Perez*, 366 F.3d 1178, 1182–83 (11th Cir. 2004) (explaining that we presume the inclusion or exclusion of terms is purposeful and intentional); *United States v. Brown*, 332 F.3d 1341, 1346 (11th Cir. 2003) (explaining that the Sentencing Commission adopted Amendment 599 to avoid double counting in § 2K2.1(b)(5)). Thus, had the Commission not intended the § 2D1.1(b)(1) enhancement to apply to a defendant like Webb, it would have explicitly said so.

We have long approved of the sentencing scheme that subjects a defendant who possessed a firearm during another offense to a lengthier sentence than a defendant who merely possessed a gun. In *United States v. Aduwo*, we explained,

> a defendant who merely possesses a firearm illegally will be

> sentenced under § 2K2.1(a) and (b), but a defendant who then uses
> that weapon in another crime may be given a longer sentence under
> the guideline applicable to the subsequent crime instead. In this way
> the 2K2.1 sentencing scheme permits the sentencing court to impose
> a sentence which reflects the magnitude of the crime.

64 F.3d 626, 628–29 (11th Cir. 1995). Thus, Webb's conduct is precisely the type of conduct to which the Sentencing Commission intended the firearm enhancement to apply. In light of the plain language of the guidelines and the evidence of the Sentencing Commission's intent, we cannot conclude that the court here engaged in double counting.

Webb's reliance on the Second Circuit's decision in *United States v. Concepcion*, 983 F.2d 369, 390 (2d Cir. 1992), does not alter our analysis. In *Concepcion*, the court stated that the application of the § 2D1.1(b)(1) enhancement was impermissible double counting because the application of the cross-reference provision was designed to take into account the seriousness of the weapons offense. To add a firearm enhancement, the court stated, was "tantamount to adding an increase on the basis that the defendant possessed weapons in the course of possessing weapons." 983 F.2d at 389–90. But in reaching this conclusion, the court made no mention of the plain language of the guidelines, nor did it discuss the Sentencing Commission's intent. As we have previously explained, the purpose of the cross-reference is to punish the defendant for using the firearm in

8

the commission of another, possibly more dangerous, crime.  It is not designed simply to punish the possession of a firearm during the possession of a firearm. Thus, we are not persuaded by the Second Circuit's conclusion that the application of § 2D1.1(b)(1) is impermissible double counting.

Because Webb's guideline range for his drug possession was higher than his guideline range for possession of a firearm, the court properly applied the cross-reference provision in U.S.S.G. § 2K2.1(c)(1)(A) and properly calculated Webb's sentencing range using § 2D1.1. The inclusion of the firearm enhancement under § 2D1.1(b)(1) does not constitute double counting.  Therefore, Webb's sentence is

**AFFIRMED.**