[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

No. 11-15458
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00054-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN CURTIS WHITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 27, 2012)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty, Calvin Curtis Whitt appeals his 48-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Whitt argues that the district court erred in applying a two-level dangerous weapon enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1). After review, we affirm.[1]

## I. WHITT'S GUIDELINES CALCULATIONS

At sentencing, the district court determined Defendant Whitt's base offense level using U.S.S.G. § 2K2.1, the guideline applicable to firearm offenses. Under § 2K2.1, Whitt's initial base offense level was 14. See U.S.S.G. § 2K2.1(a)(6)(A). However, because Whitt possessed his firearm "in connection with" the uncharged offense of possessing cocaine base with intent to distribute, the district court applied § 2K2.1(c)'s cross reference. See U.S.S.G. § 2K2.1(c); United States v. Webb, 665 F.3d 1380, 1381 n.2 (11th Cir. 2012) (explaining that § 2K2.1(c)'s cross reference includes uncharged offenses). Section 2K2.1(c) directs the district court "to apply U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense," i.e., the base offense level for the drug trafficking offense, if that offense level is greater. U.S.S.G. §§ 2K2.1(c), 2X1.1(a).

---

[1]We review for clear error the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1), and we review de novo the application of the Sentencing Guidelines to those facts. United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006).

Under U.S.S.G. § 2D1.1, the guideline applicable to drug trafficking offenses, Whitt's base offense level was 22, which was the greater offense level. See U.S.S.G. § 2D1.1(c)(9) (2011). Thus, the district court used U.S.S.G. § 2D1.1's level 22 for Whitt's base offense level.

The district court then applied the two-level dangerous weapon adjustment in § 2D1.1(b)(1) (explained below), for an adjusted offense level of 24.

After a three-level reduction for acceptance of responsibility, Whitt's total offense level was 21. Whitt's criminal history category was III, which yielded an advisory guidelines range of 46 to 57 months' imprisonment. The district court imposed a 48-month sentence. On appeal, Whitt challenges only the district court's application of U.S.S.G. § 2D1.1(b)(1)'s two-level enhancement.[2]

## II. TWO-LEVEL ENHANCEMENT IN U.S.S.G. § 2D1.1(b)(1)

Under U.S.S.G. § 2D1.1(b)(1), a defendant's offense level increases by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). This two-level increase applies "if the weapon was present, unless

---

[2]The "in connection with" requirement in § 2K2.1(c) is satisfied when "the firearm . . . facilitated, or had the potential of facilitating" the other offense. U.S.S.G. § 2K2.1 cmt. n.14(A). In the context of drug offenses, the cross reference applies when the other offense is "a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." Id. § 2K2.1 cmt. n.14(B). On appeal, Whitt does not challenge the district court's application of § 2K2.1(c), but rather the application of § 2D1.1(b)(1).

it is clearly improbable that the weapon was connected with the offense." Id. § 2D1.1, cmt. n.3(A).

The government must show by a preponderance of the evidence that "the firearm was present at the site of the charged conduct" or that "the defendant possessed a firearm during conduct associated with the offense of conviction." United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006). However, the government is not required to prove that the firearm was used to facilitate the distribution of drugs for the enhancement to apply. United States v. Audain, 254 F.3d 1286, 1289-90 (11th Cir. 2001). Once the government meets this burden, then the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was "clearly improbable." Stallings, 463 F.3d at 1220 (quotation marks omitted).

In Defendant Whitt's case, the district court properly applied § 2D1.1(b)(1)'s two-level enhancement. According to the undisputed facts in the presentence investigation report ("PSI"), Whitt and his roommate sold cocaine base directly in front of their residence. Law enforcement conducted several controlled buys from both Defendant Whitt and his roommate in amounts of less than one gram per transaction. Before each controlled buy, law enforcement called either Defendant Whitt or his roommate to arrange the transaction in front of the

4

residence. During the transactions, either Defendant Whitt or his roommate emerged from the residence, approached the confidential informant's car to complete the transaction and then returned to the residence.

While searching the residence, officers found approximately twenty grams of cocaine base, one gram of marijuana, smoking devices, plastic baggies, a digital scale with cocaine residue, $620 in cash and a loaded pistol. Approximately twelve grams of the cocaine base and the digital scale were found in a locked shed outside the residence. The key to that shed was found in Defendant Whitt's pants pocket. The rest of the cocaine base was found in the roommate's bedroom. The loaded firearm was found in Defendant Whitt's bedroom in a dresser drawer. The $620 in cash was also found in Defendant Whitt's bedroom in a juice bottle behind the bed. In a subsequent interview, Whitt told investigators that he had the gun for "protection."

Given the undisputed facts in the PSI, the government met its burden to show that the firearm was at the site of the drug trafficking offense. Although the drug transactions occurred right outside the residence, either Whitt or his roommate emerged from the residence to conduct the transactions and then immediately returned to the residence. Inside the residence, Whitt and his roommate stored enough cocaine for multiple purchases and the baggies used to

package them. The gun was loaded and was kept in the same room as the cash, which it can reasonably be inferred was the proceeds of the drug sales.

In short, the gun was on the premises where the cocaine base was stored and packaged and where the transactions were arranged by telephone. The gun also was present in the house while the transactions were completed just outside. These facts are sufficient to support a finding that the gun was present at the scene of the drug trafficking, even though the gun was not carried outside during a transaction and was not found in the same room as the drugs. See United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998) (concluding the firearm was present where defendant's loaded gun was found in an office adjacent to the area where the cocaine was discovered).

Thus, the burden shifted to Whitt to show that the connection between his loaded firearm in his bedroom and the drug trafficking was clearly improbable. Whitt did not meet his burden. Whitt argues that the presence of the gun was incidental to the drug trafficking because, as he told investigators, he bought the gun for protection because of break-ins in his neighborhood. However, as the district court explained, the fact that Whitt purchased the gun for personal safety does not mean he would not have used it had someone tried to steal the drugs or drug proceeds in his residence. See id. (affirming district court's rejection of

6

defendant's proffered innocent explanation for gun's presence and finding that gun was actually present for security in case anything went wrong during drug deal). Thus, Whitt did not show that the connection between the gun and the drug trafficking was clearly improbable.

Accordingly, the district court did not err in imposing the two-level enhancement in U.S.S.G. § 2D1.1(b)(1). We affirm Whitt's 48-month sentence.

**AFFIRMED.**