[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14852
Non-Argument Calendar
_____

D.C. Docket No. 4:91-cr-04020-WS-CAS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 21, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Terrance Williams, a federal prisoner proceeding pro se, appeals from the district court's denial of his pro se motion to modify his term of imprisonment, filed pursuant to 18 U.S.C. § 3582(c)(2).  Williams argues that the district court erred by finding him ineligible for relief under § 3582(c)(2), and asserts that he is entitled to a reduction in sentence based, in part, on United States Sentencing Guidelines (USSG) Amendments 599 and 750.[1]  A jury convicted Williams in 1992 of one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession with intent to distribute cocaine base, in violation of § 841(a)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

"[W]e review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted).  A district court may reduce a defendant's term of imprisonment if the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered after considering the 18 U.S.C. § 3553(a) sentencing factors, so long as the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  "Where a retroactively

---

[1] Williams also argues that he is entitled to a sentence reduction pursuant to USSG Amendments 505, 536, 706, and 711.  However, he then concedes that his sentence does not change based on those Amendments, so we do not need to address this argument.

2

applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore, 541 F.3d at 1330.

In determining whether a reduction is warranted, a court should determine the guideline range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. USSG § 1B1.10(b)(1). In doing so, a court can only substitute the relevant amendment into the district court's original guidelines calculation, and it must leave all other guideline-application decisions unaffected. Id.; United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

Amendment 599 provides, in part, that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base offense level enhancement in the underlying offense for his use of a firearm during the commission of that offense. See USSG App. C, Amend. 599; see also United States v. Brown, 332 F.3d 1341, 1344–45 (11th Cir. 2003). Amendment 750 lowered the base offense levels for particular crack cocaine quantities contained in USSG § 2D1.1(c). See USSG App. C, Amend. 750.

3

Williams's original sentence was based on a total offense level of 47 and a criminal history category of III, yielding an advisory guideline range of life imprisonment.  The Presentence Report prepared in March of 1992 assigned Williams a base offense level under the Guidelines of 40 for distributing "between 5 and 8 kilograms of cocaine base."  See USSG § 2D1.1(c)(2) (1991).  He then received a two-level enhancement for possession of a firearm, a three-level enhancement for his role in the offense, and a two-level enhancement for obstruction of justice.

With the benefit of Amendment 750, Williams's base offense level for five to eight kilograms of crack cocaine is now 36.  See USSG § 2D1.1(c)(2) (Nov. 2012).  Amendment 599 does not apply to Williams because § 2K2.4, the section modified by Amendment 599, see USSG App. C, Amend. 599, and applicable to convictions under § 924(c), was not used to calculate Williams's guideline range. He was convicted of violating § 922(g), not § 924(c).  Beyond that, the application of a § 2D1.1 enhancement when a defendant is being sentenced for a violation of § 922(g) does not constitute double-counting under Amendment 599.  Cf. United States v. Webb, 665 F.3d 1380, 1381–83 (11th Cir. 2012) (where the Court concluded that there was no double-counting where a § 2D1.1 enhancement was applied in a § 922(g) case).  Therefore, Williams's total offense level with the

4

benefit of the amendments is 43, which still results in an advisory guideline range of life imprisonment.  <u>See</u> USSG Sentencing Table.

On this record, Williams's sentencing range has not been subsequently lowered by the Sentencing Commission and a reduction of his sentence is not authorized by § 3582(c)(2).  <u>See</u> <u>Moore</u>, 541 F.3d at 1330.

**AFFIRMED.**