[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12777
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cr-00027-RH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD C. BRIGMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 17, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Donald Brigman appeals his 24-month sentence, imposed following his guilty plea to one count of assaulting his spouse by strangulation and attempted strangulation, in violation of 18 U.S.C. § 113(a)(8). Mr. Brigman argues that the district court committed impermissible double counting by applying certain increases to his offense level. He also argues that his sentence is unreasonable. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

On October 17, 2014, Mr. Brigman went to an Air Force base where his wife, S.C., worked and engaged in a verbal altercation with her. S.C. told Mr. Brigman they would talk after she returned home. When S.C. returned home late that night, an argument ensued and Mr. Brigman forcefully pushed S.C.'s head into a shower wall. He placed S.C. in a headlock and pulled her out of the shower, continuing to choke her for approximately 20 seconds. When S.C. attempted to leave the bathroom, Mr. Brigman slammed her head against the door. He physically prevented S.C. from leaving the home or placing a call, and again choked her for approximately 10 to 15 seconds, telling her he was going to kill her. He then made her take prescribed medication that made her sleepy, and laid in bed

with her until she fell asleep. S.C. suffered minor scratches and bruising, a cervical spine strain, and a contusion.

Mr. Brigman pled guilty to one count of assaulting his spouse by strangulation and attempted strangulation, in violation of 18 U.S.C. § 113(a)(8). On the government's motion, the district court dismissed a second count of assault by striking, beating, and wounding, in violation of 18 U.S.C. § 113(a)(4).

The PSI recommended a total adjusted offense level of 17 and a criminal history category of I, resulting in an advisory guideline range of 24 to 30 months' imprisonment. The guideline range included a base offense level of 14 under U.S.S.G. § 2A2.2, a three-level increase under § 2A2.2(b)(3)(A) because S.C. sustained bodily injury, and another three-level increase under § 2A2.2(b)(4) because the offense involved strangling, suffocating, or attempting to strangle or suffocate a spouse. The PSI also recommended a three-level reduction based on Mr. Brigman's acceptance of responsibility and cooperation.

Mr. Brigman objected to the PSI, arguing that the two increases constituted double counting and that he should have received a significantly lower sentence. The district court rejected Mr. Brigman's objections and sentenced him to 24 months' imprisonment.

**II**

3

Mr. Brigman argues that the three-level increases under §§ 2A2.2(b)(3)(A) and (b)(4) constituted double counting because the commentary to § 2A2.2 defines aggravated assault as an assault that could involve serious bodily injury as well as one that could involve strangling or suffocating. Thus, he says, the base offense level under § 2A2.2(a) already incorporated the concerns addressed by the special offense characteristics set forth in §§ 2A2.2(b)(3)(A) and (b)(4).

We review a claim of double counting under the guidelines *de novo*. *See United States v. Webb*, 665 F.3d 1380, 1382 (11th Cir. 2012). "Impermissible double counting occurs only when one part of the [g]uidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the [g]uidelines." *Id.* Double counting a factor is permissible if the Sentencing Commission "intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* We presume that, absent a specific direction to the contrary, the Sentencing Commission "intended to apply separate sections cumulatively" and therefore "a defendant asserting a double counting claim has a tough task." *Id.*

The applicable guideline provision for violations of 18 U.S.C. § 113(a)(8) is § 2A2.2, which covers aggravated assault. It specifically provides for a number of increases in the base offense level for certain special offense characteristics,

4

including a three-level increase for non-serious and non-permanent bodily injury, *see* § 2A2.2(b)(3)(A), and a three-level increase for offenses involving strangling, suffocating, or attempting to strangle or suffocate a spouse or partner, *see* § 2A2.2(b)(4).

Although the commentary to this section defines "aggravated assault" to include assaults that involve serious bodily injury and strangling, suffocating, or attempting to strangle or suffocate, it also expressly contemplates increasing a defendant's offense level based on the listed special offense characteristics, including bodily injury and strangling or suffocating a spouse. The guidelines do not direct courts to forego applying the base offense and the special offense characteristics together. Indeed, § 2A2.2 explicitly allows for the special offense characteristics to be applied cumulatively, subject only to a cumulative maximum of 12 levels for §§ 2A2.2(b)(2), (3), and (4). We therefore presume that the Sentencing Commission intended these provisions to apply cumulatively. *See Webb*, 665 F.3d at 1382. Moreover, the special offense characteristics applied here each address conceptually separate notions—namely, the degree of injury a victim suffered and the harm specific to strangling or suffocating a spouse or partner. Accordingly, Mr. Brigman has not met his "tough task" of demonstrating that the district court impermissibly committed double counting by applying increases under §§ 2A2.2(b)(3)(A) and (b)(4).

## III

To the extent that Mr. Brigman argues that his sentence was procedurally unreasonable, we review such a claim for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "[We] must . . . ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence[.]" *Id.* "The party challenging the sentence has the burden of showing the sentence to be procedurally unreasonable." *United States v. Hill*, 783 F.3d 842, 844 (11th Cir. 2015).

Mr. Brigman has not shown that the district court committed significant procedural error. As discussed, the district court properly calculated Mr. Brigman's guideline range and correctly applied the increases under §§ 2A2.2(b)(3) and (b)(4). Moreover, as explained below, the record indicates that the district court adequately explained the chosen sentence and considered a number of § 3553(a) factors.

As for Mr. Brigman's argument that his sentence was substantively unreasonable, we also review that claim for abuse of discretion. *See Gall*, 552 U.S.

6

at 51. Mr. Brigman, as the party challenging the sentence, has the burden of demonstrating that it is unreasonable in light of the record and the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. The court must also consider the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(6).

7

The record shows that the district court weighed the § 3553(a) factors before imposing Mr. Brigman's sentence. The district court discussed the nature of the offense and the need for the sentence to reflect the seriousness of the offense and provide just punishment. Specifically, it stated that Mr. Brigman had committed a substantial assault and that this was "precisely the kind of case" contemplated by the specific offense characteristics in the guidelines. *See* D.E. 44 at 26. The district court also considered Mr. Brigman's history and characteristics, recognizing that he had complied with probation's directives, accepted responsibility, and received treatment. Moreover, Mr. Brigman's sentence falls within the advisory guideline range and below the statutory maximum, which are both indications of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014). Accordingly, Mr. Brigman has not demonstrated that his 24-month sentence was unreasonable in light of the record and the § 3553(a) factors.

## IV

For the reasons stated above, we affirm Mr. Brigman's 24-month sentence.

**AFFIRMED**.