[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15036
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00057-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD D. WATERSON, II,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 12, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Richard Waterson, II appeals his sentences for attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and committing a felony offense while registered as a sex offender in violation of 18 U.S.C. § 2260A. On appeal, he argues that his sentences are substantively unreasonable because they were greater than necessary considering all the 18 U.S.C. § 3553(a) factors, and moreover were disproportionate in violation of the Eighth Amendment. He argues further that his sentences are procedurally unreasonable because the district court improperly double-counted his prior conduct in order to justify two separate sentencing enhancements.

## I

A sentence may be procedurally unreasonable if the district court improperly calculates the guideline range, treats the Guidelines as mandatory rather than advisory, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). The weight given to any particular § 3553(a) factor is within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

We review claims of impermissible double-counting *de novo*. *United States v. Webb*, 665 F.3d 1380, 1382 (11th Cir. 2012). Impermissible double-counting

occurs only if a part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that was already fully accounted for by applying another part of the Guidelines. *Id.* A district court may validly double-count a factor if the Sentencing Commission intended that result and if each relevant guideline provision addresses conceptually separate notions related to sentencing. *Id.* Absent a specific direction to the contrary, we presume that the Sentencing Commission intended that separate sections apply cumulatively, and, consequently, defendants "asserting a double counting claim ha[ve] a tough task." *Id.*

In *United States v. Rothenberg*, we previously upheld the application of both U.S.S.G. § 2G2.2(b)(5) and U.S.S.G. § 4B1.5(b)(1) in enhancing the defendant's sentence, reasoning that the application of two pattern-of-activity enhancements did not constitute double-counting "because they were applied, respectively, to two separate and distinct offenses involving different conduct and different harms." 610 F.3d 621, 624 n.4 (11th Cir. 2010).

The two sentencing enhancements applied in Waterson's case address different harms. Section 2G2.2 of the Sentencing Guidelines provides for a five-level increase if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). Likewise, section 4B1.5 of the Guidelines provides for a five-level increase if "the defendant

3

engaged in a pattern of activity involving prohibited sexual conduct," and neither § 4B1.1 nor subsection (a) of § 4B1.5 applies.  U.S.S.G. § 4B1.5(b)(1).

In this case, the court did not err in applying both pattern-of-activity enhancements.  Waterson does not point to any provision or commentary notes indicating that the Sentencing Commission did not intend for § 2G2.2(b)(5) and § 4B1.5(b)(1) to apply cumulatively.  *Webb*, 665 F.3d at1382.  Significantly, this Court has previously upheld the application of both enhancements simultaneously, further supporting the district court's simultaneous application of the enhancements in this case.  *See Rothenberg*, 610 F.3d at 624–25.  In *Rothenberg*, both enhancements were based on two separate instances in the defendant's past where he had engaged in inappropriate behavior concerning a minor.  *Id.* at 624 n.4.  Likewise, in this case, Waterson had engaged in sexual misconduct involving a minor on at least two occasions prior to committing the instant offense.

Our precedent establishes that the district court did not impermissibly double-count Waterson's conduct in applying the enhancements under § 4B1.5(b)(1) and § 2G2.2(b)(5).

## II

Once we determine that a sentence is procedurally sound, we must examine whether the sentence is substantively reasonable in light of the record and the § 3553(a) factors.  *Gall*, 552 U.S. at 51.  We review the substantive reasonableness

of a sentence for abuse of discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015). The party who challenges the sentence's substantive reasonableness bears the burden of showing it is unreasonable in light of the record and § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "In determining a sentence, a district court must evaluate all of the § 3553(a) factors but can attach 'great weight' to one factor over others." *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015). We reverse only if left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). We may, but are not required to, apply a presumption of reasonableness to a within-Guidelines sentence. *Gall*, 552 U.S. at 51.

We recognize a "narrow proportionality principle that applies to noncapital sentences." *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012). Successful proportionality challenges under the Eighth Amendment are exceedingly rare because we give great deference to Congress in determining the types and limits of punishments. *Id*. at 1256. Accordingly, the burden is on the defendant to show that his sentence is grossly disproportionate to the crime committed. *Id*. "In general, a sentence within the limits imposed by statute is

5

neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (quoting *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)).

In this case, Waterson has not met his burden of showing that his sentences are substantively unreasonable. *Tome*, 611 F.3d at 1378. The court placed great emphasis on its need to protect the public, given the deeply disturbing nature of Waterson's crimes, and was entitled to weigh that factor more heavily than the other § 3553(a) factors. *Johnson*, 803 F.3d at 618. The record supports the district court's concerns about the danger Waterson poses to the public. The PSI noted that Waterson had openly pursued pedophilia and incest as far back as 2005. Significantly, in committing the instant offense, Waterson took substantial steps toward actually having sex with what he believed to be a 13-year-old girl, demonstrating his willingness to pursue sex with a child. Further, the district court expressed concerns over Waterson's risk of recidivism. Those concerns are supported by the record. Waterson committed the instant offense while on probation, less than one year after he had been released from a term of imprisonment related to conviction for another sexual offense. Waterson's forensic evaluation also suggests that he poses an average to above-average risk of recidivism. From these record facts, the district court drew its conclusion that Waterson poses a substantial risk to public safety. In light of these facts, we are

6

not left with the "firm conviction" that the district court erred in imposing its sentence, particularly given that the sentence imposed is within the Guideline range, and not the maximum of life. *Irey*, 612 F.3d at 1190; *Gall*, 552 U.S. at 51.

Nor has Waterson has shown that his sentence was disproportionate under the Eighth Amendment. Waterson did not raise his Eighth Amendment claim below, so we review only for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Given that Waterson has not cited to any authority explicitly rendering his sentence unconstitutional under the circumstances of his case, he has not demonstrated that any alleged error was plain. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). Accordingly, his Eighth Amendment claim fails under plain error review. *Puckett*, 556 U.S. at 135. Moreover, even if reviewed *de novo*, Waterson's claim fails. *McGarity*, 669 F.3d at 1255. He has failed to cite any cases in which people who committed similar crimes were given dramatically lower sentences, or explain how his own sentences are unreasonable. Moreover, in light of the extremely serious nature of his offense, and the depth and longevity of his sexual deviancy, Waterson has not demonstrated that his sentences, which fall well within the Guidelines range, are excessive or cruel and unusual. *Johnson*, 451 F.3d at 1243.

**AFFIRMED.**