[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11566

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MATTHEW CORY TUCKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:22-cr-00039-LAG-TQL-2

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Matthew Tucker appeals his 72-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Tucker argues that the district court erred by applying the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) because it constituted impermissible double counting. Second, he argues that the district court abused its discretion in running his federal sentence consecutively, rather than concurrently, to his state sentence. After careful review, we affirm.

**I.**

We begin with Tucker's argument that the district court erred when it applied a two-level increase to his sentence under § 2D1.1(b)(1).

"We review the district court's interpretation and application of the Guidelines *de novo* and its underlying factual findings for clear error." *United States v. Jayyousi*, 657 F.3d 1085, 1114 (11th Cir. 2011). We also review *de novo* a claim of double counting. *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018) (quotation marks omitted). Double counting is permissible where: (1) the

Sentencing Commission intended the result; and (2) each guideline section in question concerns a conceptually separate notion related to sentencing. *Id.* We presume that the Commission intended separate guidelines sections to apply cumulatively unless specifically directed otherwise. *Id.* "The application of multiple guidelines sections can be 'triggered by the same conduct.'" *Id.* at 1337 (quoting U.S.S.G. § 1B1.1 cmt. n.4(B)).

If a defendant attempts to commit "another offense" while in possession of a firearm, § 2K2.1 of the Guidelines contains a cross-reference provision. *See* U.S.S.G. § 2K2.1(c)(1)(A). That provision directs the court to apply the higher of the adjusted offense level as calculated under § 2K2.1, the guideline applicable to firearm offenses, and § 2X1.1, the guideline applicable to attempt crimes. *Id.* Section 2X1.1 instructs courts to apply the guideline applicable to the substantive offense when the guideline for the substantive offense expressly covers attempt crimes. *Id.* § 2X1.1(c). Section 2D1.1, the guideline applicable to drug crimes, specifically covers attempt. *See id.* §§ 2D1.1, 2X1.1 cmt. n.1 (listing guideline sections that expressly cover attempts). Under § 2D1.1, a defendant who possessed at least 700 kilograms but less than 1,000 kilograms of converted drug weight receives an offense level of 28. *Id.* § 2D1.1(c)(6). A defendant who possessed a firearm receives a two-level increase. *Id.* § 2D1.1(b)(1).

In 1992, the Second Circuit held in *United States v. Concepcion*, 983 F.2d 369, 390 (2d Cir. 1992), that the § 2D1.1(b)(1) firearm enhancement was impermissible double counting, because the

application of § 2K2.1's cross-reference provision was designed to account for the seriousness of the firearm offense. *See Concepcion*, 983 F.2d at 390 ("To add to the narcotics offense level, chosen only to reflect the circumstances of the weapons offenses, an increment for possessing weapons is tantamount to adding an increase on the basis that the defendant possessed weapons in the course of possessing weapons."). But this Court in *United States v. Webb*, 665 F.3d 1380, 1384 (11th Cir. 2012), has explicitly rejected *Concepcion*. *See Webb*, 665 F.3d at 1384 ("[W]e are not persuaded by the Second Circuit's conclusion that the application of § 2D1.1(b)(1) is impermissible double counting."). Looking at both the plain language of the Guidelines and the Sentencing Commission's intent, we determined that "the purpose of the cross-reference . . . . is not designed simply to punish the possession of a firearm during the possession of a firearm." *Id.* Rather, we determined that the purpose of the cross reference was to punish the defendant for using the firearm in the commission of another (possibly more dangerous) crime. *Id.* Accordingly, we held that the firearm enhancement under § 2D1.1(b)(1) for offenses falling under § 2K2.1's cross reference does not constitute impermissible double counting. *Id.*

Under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Here, the prior-panel-precedent rule forecloses Tucker's argument that applying a two-level enhancement under § 2D1.1(b)(1) for firearm offenses constitutes impermissible double counting. As this Court made plain in *Webb*, the inclusion of the firearm enhancement under § 2D1.1(b)(1) does not constitute double counting, because the purpose of the cross-reference is to punish the defendant for using a firearm in the commission of another crime, *not* to punish the defendant simply for possessing weapons in the course of possessing weapons. 665 F.3d at 1384. Indeed, Tucker "acknowledges that this issue has previously been adjudicated adversely to him" and asks, instead, that we "revisit this issue and overturn [our] prior decision in *United States v. Webb*"—something we cannot do under our prior-panel-precedent rule. (**IB at 16**) *See Archer*, 531 F.3d at 1352. We thus conclude that the district court did not err when it increased Tucker's base offense level by two levels under § 2D1.1(b)(1).

## II.

We next turn to Tucker's second argument that the district court abused its discretion when it ordered his sentence to run consecutively to, rather than concurrently with, the undischarged term of his Georgia prison sentence.

We review a district court's imposition of a consecutive sentence under a deferential abuse-of-discretion standard. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020).

The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight,

(2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted); *see also Gomez*, 955 F.3d at 1257 (quoting the *Irey* factors regarding the district court's decision to run a consecutive sentence).

"[F]ederal courts generally have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Gomez*, 955 F.3d at 1258 (quotation marks omitted). The Guidelines provide that, when a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, the district court "shall" run the sentence for the instant offense concurrently to the remainder of the undischarged term of imprisonment.    U.S.S.G. § 5G1.3(b).    Although § 5G1.3(b) is phrased in terms of what the district court "shall" do, it is considered advisory, like the other provisions in the Guidelines. *See United States v. Henry*, 1 F.4th 1315, 1318 (11th Cir. 2021).

Federal law provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of

imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b).

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court must also consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the sentences available, the applicable Guidelines range, any pertinent policy statement issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.* § 3553(a)(1), (3), (6).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). "In consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "An acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.*

The Guidelines instruct that in a case where a term of imprisonment resulted from another offense that is not relevant conduct to the instant offense of conviction and "involve[ed] an undischarged term of imprisonment, the sentence for the instant offense

may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d); *see also Gomez*, 955 F.3d at 1255–56 ("[T]he very wording of the guideline—'may be imposed'—anticipates that the district judge has discretion to impose a sentence consecutively, concurrently, or partially concurrently."). The commentary notes to the Guidelines provide that a district court, when deciding whether to impose a consecutive sentence to an undischarged term of imprisonment, should consider: the "type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence"; the "time served on the undischarged sentence and the time likely to be served before release"; the "fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court"; and any "other circumstance relevant to the determination of an appropriate sentence for the instant offense." U.S.S.G. § 5G1.3(d) cmt n.4(A)((ii)–(v).

Another commentary note provides that, where a defendant was on state probation at the time of the instant offense and has had such probation revoked, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." *Id.* § 5G1.3(d) cmt. n.4(C); *see also id.* § 7B1.3 cmt. n.4 ("[I]t is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed

upon revocation."). We have noted that the Guidelines contain a "policy favoring imposition of consecutive sentences in cases of violation of release." *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994).

Because the Guidelines are not mandatory "even in part," as long as the final sentence is substantively reasonable, we will affirm. *Henry*, 1 F.4th at 1318 (discussing § 5G1.3(b)); *see also United States v. Covington*, 565 F.3d 1336, 1347 (11th Cir. 2009) ("Once [the sentencing] factors are considered, the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable."). "A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, we conclude that the district court did not abuse its discretion in ordering Tucker's sentence to run consecutively to his state sentence, because it properly considered the sentencing factors and the policy of the Guidelines favoring imposition of consecutive sentences in cases of violation of probation. *See Flowers*, 13 F.3d at 397. Tucker argues that the district court "did not indicate which factors under 18 U.S.C. § 3553(a) it relied on" when it ordered Tucker's federal sentence to run consecutively to his state sentence. But a district court is not required to articulate the applicability of each § 3553(a) factor, as long as the record as a whole demonstrates that the pertinent factors were considered by the court. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). In this case, there is no indication that the district court

failed to consider the pertinent factors. On the contrary, the district court expressly considered, at sentencing, the nature and circumstances of Tucker's offense, his history and characteristics, and the need to avoid unwarranted sentencing disparities. Overall, Tucker has not shown that the district court's imposition of a consecutive sentence was substantively unreasonable. We thus hold that the district court's decision to run Tucker's federal sentence consecutively to the undischarged term of his Georgia prison sentence was not an abuse of discretion.

Accordingly, we affirm Tucker's sentence.

**AFFIRMED.**