[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13290

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LESTER LEE NASH,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cr-00056-JA-PRL-1

————————————————

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Lester Nash appeals his convictions and 137-month total imprisonment sentence for assault on federal officers and possession of a weapon by an inmate.  First, Nash argues that the district court erred by denying his motion for a judgment of acquittal after the close of the government's case-in-chief because there was insufficient evidence to prove that Nash was the person that assaulted one of the victims.  Second, Nash argues that the district court erred by failing to *sua sponte* dismiss either Count 1 (assault on victim J.S. in violation of 18 U.S.C. § 111(a) and (b)) or 2 (assault on victim T.H. in violation of 18 U.S.C. § 111(a) and (b)) or to require the government to consolidate the charges or make an election between them because the counts were multiplicitous.  Third, Nash argues that the district court plainly procedurally erred by assessing Nash's base offense level pursuant to the "aggravated assault" guideline and impermissibly double counting the victim injury factor by applying enhancements in addition to the base offense level for aggravated assault.  Fourth, he argues that the district court erred when it imposed a substantively unreasonable sentence by failing to consider and give proper weight to his mitigating factors under 18 U.S.C. § 3553(a).

## I.  MOTION FOR ACQUITTAL

We review *de novo* the denial of a motion for a judgment of acquittal based on the sufficiency of the evidence.  *United States v.*

*Pirela Pirela*, 809 F.3d 1195, 1198 (11th Cir. 2015). In reviewing the sufficiency of the evidence, we view the record in the light most favorable to the government and resolve all reasonable inferences in favor of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence is sufficient if a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *Id.* at 1284-85. The test for sufficiency is the same, no matter if the evidence is direct or circumstantial; but where the government relied on circumstantial evidence, reasonable inferences must support the conviction. *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015). The evidence need not exclude every reasonable hypothesis of innocence for a reasonable jury to find guilt beyond a reasonable doubt. *United States v. Bell*, 112 F.4th 1318, 1331 (11th Cir. 2024), *petition for cert. filed*, (U.S. Mar. 11, 2025) (No. 24-972).

"Generally, a defendant's decision to present evidence in his behalf following denial of his motion for a judgment of acquittal made at the conclusion of the Government's evidence operates as a waiver of his objection to the denial of his motion." *United States v. Thomas*, 987 F.2d 697, 702 (11th Cir. 1993) (quotation marks omitted). "In other words, when a defendant offers rebuttal evidence, he forgoes or waives appellate review of or any error in the denial of the motion." *Id.* (quotation marks omitted, alterations adopted). Thus, "a defendant who presents the testimony of himself or of others and asks the jury to evaluate his credibility (and that of his witnesses) against the government's case . . . cannot insulate himself from the risk that the evidence will be favorable to the

government." *Id.* (quotation marks omitted, ellipsis in original). When a defendant waived the right to appeal the denial of a Rule 29(a) motion made at the close of the government's case, we consider all the evidence produced at trial against the defendant in evaluating a preserved claim of insufficient evidence on appeal. *United States v. Thomas*, 8 F.3d 1552, 1558 n.12 (11th Cir. 1993). "But where a defendant does not move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below . . . we will reverse the conviction only where doing so is necessary to prevent a manifest miscarriage of justice." *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013) (quotation marks omitted).

For a "forcible assault" violation under 18 U.S.C. § 111(a), the government must prove beyond a reasonable doubt: (1) that the defendant "forcibly assaulted" the victim "by committing an assault that resulted in physical contact, but that did not involve bodily injury or a deadly weapon;" (2) that the victim was "a federal officer engaged in the performance of official duties;" and (3) "that [the defendant] acted knowingly and willfully, meaning his actions were voluntary and intentional and not the result of mistake or accident." *United States v. Martinez*, 486 F.3d 1239, 1247 (11th Cir. 2007) (stating the elements of forcible assault under a prior version of § 111(a) that we acknowledged was not relevantly changed in later versions in *United States v. Siler*, 734 F.3d 1290, 1293-94 (11th Cir. 2013)). For a forcible assault conviction under 18 U.S.C. § 111(b), the government must prove beyond a reasonable doubt that: (1) the defendant committed a forcible assault in subsection

(a) of § 111; and (2) that the defendant used a deadly or dangerous weapon during that assault, or inflicted bodily injury.

Here, Nash waived his challenge to the district court's denial of his motion for a judgment of acquittal at the close of the government's case-in-chief because he testified in his own defense, but he preserved a challenge to the sufficiency of the evidence as to the identity issue for Count 1 such that we review all the evidence presented at trial. The district court did not err in denying a judgment of acquittal because Nash admitted to assaulting Officer Joseph Skurkis in his testimony at trial, Officer Onel Pagan testified that Nash admitted to assaulting Skurkis in a post-incident interview, and multiple officers testified that they saw Nash assault Officer Timothy Hammerle and that video evidence showed that the same person who assaulted Hammerle also assaulted Skurkis, all of which supported a reasonable jury finding that Nash was the person who assaulted Skurkis.

## II. MULTIPLICITOUS INDICTMENT

Whether an indictment is multiplicitous is a question of law that we review *de novo*. *United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013). If a defendant fails to raise a claim that the indictment was multiplicitous before trial under Federal Rule of Criminal Procedure 12(b)(3)(B) and (c), we may review the forfeited claim for plain error. *United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016). We may correct a plain error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness,

integrity, or public reputation of judicial proceedings. *Id.* "[A]n error cannot meet the 'plain' requirement of the plain error rule if it is not clear under current law." *United States v. Frank*, 599 F.3d 1221, 1239 (11th Cir. 2010) (quotation marks omitted). "Therefore, if the explicit language of the statute or rule does not specifically resolve the issue, and there is no precedent from this Court or the Supreme Court directly resolving it, there is no plain error." *Id.*

"An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). "A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also prejudices the defendant and confuses the jury by suggesting that not one but several crimes have been committed." *Id.* (quotation marks and brackets omitted). "A multiplicitous indictment therefore violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." *Id.* We use "the *Blockburger* test to determine whether an indictment is multiplicitous, verifying that each count requires an element of proof that the other counts do not require." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "Accordingly, charges in an indictment are not multiplicitous if the charges differ by even a single element or alleged fact." *United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012).

Under 18 U.S.C. § 111(a) and (b), a single act of assault against multiple officers constitutes one offense. *Ladner v. United States*, 358 U.S. 169, 176-77 (1958) (holding that two federal officers

wounded by a single shot constituted a single assault under the predecessor of § 111). "The test is whether there is more than one act resulting in the assaults, not whether more than one federal officer is injured by the same act." *United States v. Theriault*, 531 F.2d 281, 285 (5th Cir. 1976). When the defendant "does more than one act resulting in an assault of more than one officer he may be charged separately for each officer." *United States v. Williams*, 446 F.2d 1115, 1116 (5th Cir. 1971).

Here, the district court did not err, much less plainly err, by failing to *sua sponte* dismiss either Count 1 (assault on victim J.S. in violation of 18 U.S.C. § 111(a) and (b)) or 2 (assault on victim T.H. in violation of 18 U.S.C. § 111(a) and (b)) or require the government to consolidate the charges or make an election between them because the counts were not multiplicitous, because Nash took more than one action for each assault. Moreover, Nash has not cited any binding precedent to show that the district court clearly erred.

## III.  SENTENCING—PROCEDURAL REASONABLENESS

In determining procedural reasonableness, we review a district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). However, if a party does not raise a procedural argument before the district court, we review only for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). A defendant fails to preserve a challenge to his sentence when his objections before the district court are "substantively different" from

the arguments he raises on appeal. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range or failing to consider the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). It is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. *Id.*

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Webb*, 665 F.3d 1380, 1382 (11th Cir. 2012) (quotation marks omitted). "Double counting a factor during sentencing is permitted if the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* (quotation marks omitted, alteration adopted). "Absent a specific direction to the contrary, we presume that the Sentencing Commission intended to apply separate sections cumulatively, and, as a result, a defendant asserting a double counting claim has a tough task." *Id.* (quotation marks omitted).

23-13290            Opinion of the Court            9

Under the Guidelines, the base offense level for aggravated assault is 14. U.S.S.G. § 2A2.2(a) (2021). "Aggravated assault" is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury . . . with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." *Id*. § 2A2.2, comment. (n.1). "Serious bodily injury" is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." *Id*. § 2A2.2, comment. (n.1); *id*. § 1B1.1, comment. (n.1).

If a victim sustained bodily injury between serious bodily injury and permanent bodily injury, six levels are added, which the Guidelines note is a "cumulative adjustment." *Id*. § 2A2.2(b)(3). If the defendant was convicted under 18 U.S.C. § 111(b), two levels are added. *Id*. § 2A2.2(b)(7).

A defendant "may not make an affirmative, apparently strategic decision at trial and then complain on appeal that the result of that decision constitutes reversible error," because this is "precisely the situation that the invited error doctrine seeks to avert." *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015) (quotation marks omitted). Where a party has invited the error that they challenge on appeal, we may not reverse the district court's judgment. *Id*. at 1236.

Whoever is convicted under 18 U.S.C. § 111(b) faces a maximum sentence of 20 years' imprisonment. 18 U.S.C. § 111(b). An inmate convicted under 18 U.S.C. § 1791 for possessing a weapon other than a firearm or destructive device faces a maximum sentence of 5 years' imprisonment. 18 U.S.C. § 1791.

Here, because Nash did not raise his base offense level and double counting arguments before the district court, we review these procedural reasonableness arguments for plain error. *See McNair*, 605 F.3d at 1222; *Moriarty*, 429 F.3d at 1019. Nash did raise a double counting argument before the district court that it was impermissible double counting to apply the enhancements in both § 3A1.2 and § 2A2.2(b)(7). However, he argues on appeal that calculating his base offense level using the "aggravated assault" guideline and then "increas[ing] it again by six levels for 'serious bodily injury' [the PSI ¶ 20, § 2A2.2(b)(3) enhancement] or a conviction of Section 111(b) [the PSI ¶ 21, § 2A2.2(b)(7) enhancement]" was impermissible double counting. This double counting argument substantially differs from the argument he made at sentencing because it challenges different enhancements paired with his base offense level that were never presented to the district court. *See Ramirez Flores*, 743 F.3d at 821. Thus, these arguments are reviewed for plain error. *See McNair*, 605 F.3d at 1222; *Moriarty*, 429 F.3d at 1019.

As another initial matter, the government argues that this Court should not consider Nash's argument as to the § 2A2.2(b)(3) enhancement at all because Nash invited the error by explicitly withdrawing his objection to that enhancement. Nash notes that

he withdrew that objection but argues that his double counting argument is unrelated to the objection. The government is correct that Nash explicitly withdrew his objection to the enhancement pursuant to § 2A2.2(b)(3), so any error as to that enhancement, specifically, is invited and this Court need not consider it. *See Carpenter*, 803 F.3d at 1237. However, Nash's argument on appeal is that the application of the § 2A2.2(b)(3) enhancement, along with the base offense level based on aggravated assault and the § 2A2.2(b)(7) enhancement, is impermissible double counting of the victim injury factor. Because Nash's argument on appeal is different from the objection that he raised and withdrew below for § 2A2.2(b)(3) based on the extent of Skurkis's injuries, he has not invited error and his argument is reviewable. *Carpenter*, 803 F.3d at 1237. However, he did not raise this argument before the district court so his argument is reviewed for plain error. *See Carpenter*, 803 F.3d at 1237; *McNair*, 605 F.3d at 1222.

First, Nash fails to show that the district court erred, much less plainly erred, by applying the aggravated assault guideline to calculate his base offense level. Nash argues that he did not commit an aggravated assault because he lacked the intent to cause bodily injury under the definition of serious bodily injury, but his argument is meritless. Under the Guidelines' definition of "aggravated assault," intent is not required if the victim suffers serious bodily injury, which is easily shown here, as Skurkis testified that he had "protracted impairment" of bodily functions and required substantial "medical intervention," including his awaited surgery. U.S.S.G. § 2A2.2, comment. (n.1); id. § 1B1.1, comment. (n.1).

Further, even if Nash had established error, any error was not plain because he has failed to identify any Supreme Court or Eleventh Circuit precedent that supports his argument on appeal. *See Frank*, 599 F.3d at 1239.

Second, his double counting argument similarly fails. As with his first argument, Nash has failed to identify any Supreme Court or Eleventh Circuit precedent that supports his argument that the application of the base offense level based on aggravated assault plus the enhancements under these circumstances is impermissible double counting; rather, he relies solely on a Second Circuit case to make his argument. Thus, even if Nash had identified error, he has not shown that it was plain. *See Frank*, 599 F.3d at 1239. Further, the application of the base offense level for aggravated assault (§2A2.2(a)) and the enhancements under § 2A2.2(b)(3) and (7) did not constitute a double counting plain error. The Guidelines specifically note that the § 2A2.2(b)(3) enhancement is a "cumulative adjustment" on top of the aggravated assault base offense level. *See* U.S.S.G. § 2A2.2(b)(3). Further, this Court "presume[s] that the Sentencing Commission intended to apply separate sections cumulatively," and nothing in § 2A2.2(b)(7) overcomes this presumption, as it does not state or include anything that implies that it is not cumulative. *See id.* § 2A2.2(b)(7); *Webb*, 665 F.3d at 1382 (quotation marks omitted). Additionally, as the government notes, the § 2A2.2(b)(3) enhancement punishes the type of conduct not considered in § 2A2.2 generally, because it covers felonious assaults that include a wide range of injuries from bodily injury to life-threatening bodily injury. *See* U.S.S.G. §

2A2.2(b)(3).  Moreover, to support his double counting claim with respect to the § 2A2.2(b)(3) and (7) enhancements, Nash cites no Supreme Court or Eleventh Circuit cases and cannot establish that any error in this regard is plain.

## IV. SENTENCING—SUBSTANTIVE REASONABLENESS

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence under the abuse-of-discretion standard.  *Gall*, 552 U.S. at 51.  On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).  A defendant may preserve an objection to the substantive reasonableness of a sentence by advocating for a shorter sentence before the district court, thereby arguing that a shorter sentence would have been sufficient, and a longer sentence greater than necessary, to comply with statutory purposes of punishment.  *Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020).

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the

seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Nash's substantive reasonableness argument fails. Nash argues that the court did not consider factors outside of his criminal history and the "fact that he could have killed someone" that supported a lower sentence, but this misrepresents what the court did. The district court explicitly reviewed the nature of the offense as an "act of extreme violence," stated that it had read and considered Nash's sentencing memorandum, which included argument about the prison conditions Nash had lived in and to which court stated it "underst[ood] the argument," and stated that it did not put much weight on protecting the public when crafting Nash's sentence given the long sentences he was already serving. To the extent this argument is a procedural reasonableness challenge to the consideration of § 3553(a) factors, it fails because the court acknowledged that it considered the § 3553(a) factors and Nash's arguments. *Sarras*, 575 F.3d at 1219. Thus, the court expressly considered

permissible § 3553(a) factors, and the court had the discretion to weigh those factors, despite Nash's contention that his mitigating factors should have been given a heavier weight. *See Williams*, 526 F,3d at 1322. Additionally, Nash's 137-month sentence was well below the statutory maximum and within the guideline range, and this Court expects that such a sentence is reasonable. *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. Thus, we conclude that Nash's sentence was substantively reasonable.

For the foregoing reasons, Nash's conviction and sentence are

**AFFIRMED.**